|  |  |
|---|---|
| MICHAEL COLE, | ) |
| Plaintiff, | ) |
| v. | ) |
| ANDREW WEATHERMAN and DAVID NEEL BRAWLEY, in their Individual and Official Capacities and LAKE NORMAN VOLUNTEER FIRE AND RESCUE DEPARTMENT | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

Plaintiff, pursuant to Rule 15(a)(1)(B), files this Amended Complaint as a matter of course. Demanding a jury trial, Plaintiff alleges the following against Defendants:

### PARTIES

1. Plaintiff is a citizen and resident of Iredell County, North Carolina, and worked as a paid employee of the Lake Norman Volunteer Fire and Rescue Department and voting member of its Board of Directors until he was fired by Defendants Weatherman and Brawley to secure his removal from the Board just before a vote to purchase a new ladder truck, a purchase he openly opposed as a waste of public funds.

2. Defendant, Lake Norman Volunteer Fire and Rescue Department ("LKNVFD"), is a non-profit corporation formed by voter approval under N.C.G.S. § 69-25.1 as a rural fire protection district funded by a property tax levied on the properties in that unincorporated portion of Iredell County. It operates as a "fire protection district" under statutes and is a separate municipal corporation under N.C.G.S. § 69-25.4(c). It contracts with Iredell County under N.C.G.S. §§ 69-25.5 and -25.6 to provide fire protection services in an eponymous fire protection district in the southern portion of the County adjacent to Lake Norman. The taxes levied annually for the LKNVFD are used, in part, to acquire fire-fighting equipment used in providing services under N.C.G.S. §69-25.4(b).

3. The taxes appropriated annually to LKNVFD are administered by a fire protection district commission pursuant to N.C.G.S. § 69-25.4(c).

4. On information and belief, LKNVFD has purchased insurance that covers and will indemnify it for the claims in this case and has thereby waived any governmental immunity that might apply to the state law claim of wrongful discharge in this action. To the extent that LKNVFD established that it has not waived governmental immunity from the wrongful discharge claim, Plaintiff brings claims against Defendants Weatherman and Brawley in their official capacities directly under Article I, § 14 of the state constitution.

5. LKNVFD is also sued under 42 U.S.C. § 1983 for violating the First Amendment rights of Plaintiff in his termination. Because Defendants Weatherman and Brawley were final policymakers for LKNVFD with regard to personnel matters for the fire protection district, and their decision to terminate Plaintiff was a policy decision of LKNVFD for purposes of 42 U.S.C. § 1983. All of its actions complained of were taken under color of state law.

6. Defendant Andrew Weatherman is a citizen and resident of Iredell County and the Chief of the LKNVFD. He is sued in his individual under 42 U.S.C. § 1983 for violating the First Amendment rights of Plaintiff. He is also sued in his official capacity under 42 U.S.C. § 1983 as a final policymaker for LKNVFD, for violating the First Amendment rights of Plaintiff. All of his actions complained of were taken under color of state law for purposes of 42 U.S.C. § 1983. He is also sued in his official capacity under state law and for violating Plaintiff's rights Article I, Section 14 of the state constitution. To the extent LKNVFD has not waived government immunity, such immunity cannot shield against the violations of the Declaration of Rights in Article I, and Plaintiff may bring an action directly under the state constitution against Weatherman in his official capacity.

7. Defendant David Neel Brawley is a citizen and resident of Iredell County and the Operations Deputy Chief of the Lake Norman Volunteer Fire Department. He is sued in his individual capacity under 42 U.S.C. § 1983 for violating the First Amendment rights of Plaintiff. He is also sued in his official capacity under 42 U.S.C. § 1983 as a final policymaker for LKNVFD, for violating the First Amendment rights of Plaintiff. All of his actions complained of were taken under color of state law for purposes of 42 U.S.C. § 1983. He is also sued in his official capacity under state law and for violating Plaintiff's rights Article I, Section 14 of the state constitution. To the extent LKNVFD has not waived government immunity, such immunity cannot shield against the violations of the Declaration of Rights in Article I, and Plaintiff may bring an action directly under the state constitution against Weatherman in his official capacity.

**JURISDICTION**

8. The Court has federal question jurisdiction under 28 U.S.C. § 1331 over the claim brought under 42 U.S.C. § 1983 and supplemental jurisdiction under 28 U.S.C. § 1367 over the state constitutional claim, as it arises under the same case or controversy.

9. Venue is proper under 28 U.S.C. § 1391, as all Defendants are residents of the District and all events are issue took place in the District.

## FACTS

10. Plaintiff first started as a volunteer fire fighter for LKNVFD about six years ago and was a paid, part-time employee for the last 3.5 years of his employment. Though listed as part-time, Plaintiff put in sufficient hours to be paid overtime wages and earned a significant salary. There are currently 20 persons employed as paid staff.

11. Plaintiff was also an elected member of the statutorily authorized commission of the fire protection district, which administered the taxes levied for and appropriated to it by the County. The commission is comprised of community members who are not firefighters as well as employees and volunteers of the LKNVFD.

12. Plaintiff completed the unexpired term of a deceased board member and then was duly elected to a full three-year term.

13. His opposition as a board member to the proposal to purchase a new ladder truck led to his termination as an employee and his removal from the commission/board.

14. In the months before his termination, the Operations Deputy Chief, Defendant Brawley, picked a subcommittee of commission/board members to look at several options related to the existing ladder truck. The ladder had not been properly maintained and failed to operate properly while the Iredell County Fire Marshall was in the ladder bucket taking overhead photos of a house fire scene.

15. The ladder was repaired and properly greased, however, after that incident and it operated fine; but Deputy Chief Brawley pushed to buy a new ladder truck as a status symbol for the LKNVFD.

16. Plaintiff openly expressed his opposition to the proposal at a commission meeting, concerned that the new ladder truck would cost close to $1 Million and was not really necessary. It was only used about twice per year and was serviceable if properly maintained. There are no structures over three stories in the LKNVFD fire protection district and the LKNVFD has a mutual aid agreement with Mooresville Fire Department (where Defendant Brawley is employed) which can provide a ladder truck if ever needed.

17. Plaintiff expressed these public concerns as a board member charged with responsibility for stewardship of public funds used by the LKNVFD.

18. In the weeks after that meeting, Plaintiff restated those concerns in Defendant Brawley's presence during a discussion among a group gathered at the "chopping block" at the LKNVFD station.

19. But Brawley wanted the new truck and wanted Plaintiff out of his way, so he fired Plaintiff and Weatherman backed him.

20. Brawley and Weatherman then removed Plaintiff from the commission/board, asserting that Plaintiff forfeited his seat when he lost his job. The commission/board then voted to buy the new truck at the next meeting.

21. The reason given for firing Plaintiff – that he had damaged the shroud of the ladder truck during testing long before the day of termination, was a complete pretext, as the other employee involved in the testing was not disciplined in any manner.

22. In late December 2018, Cole was assisting another paid firefighter, Kevin Cuddihy, who was putting the ladder truck through weekly testing. Plaintiff was at the operator's platform at the left rear of the truck, controlling the articulation of the ladder while Cuddihy watched from the right rear of the truck, where he could see the A/C shroud – a cover over the air conditioner. The person at the operator's platform cannot see the shroud, as the ladder blocks the view of the shroud completely.

23. The ladder truck is equipped with a safety switch to stop the ladder from coming down if it is not aligned to land in its carriage. That switch has not worked for some time, Cole later learned, and the following event had happened at least on two prior occasions without consequence for any fire fighter.

24. As the ladder came down toward its resting position, it did not align correctly and hit the edge of the A/C shroud and bent the shroud before setting down in its carriage.

25. Cole could not see or hear the contact with the shroud and did not know that damage had occurred. Cuddihy later stated that he saw the contact and the damage but did not tell Cole or follow protocol to immediately halt the testing and report the damage to the supervisor on duty. Cuddihy was not disciplined.

26. Cole did not even know for several days that the shroud had been damaged and was completely surprised when he found out.

27. He also learned that the same thing had happened a year before when another fire fighter, Capt. Rick Heinrich, was testing the ladder; and that it had also happened three or four years earlier when another fire fighter was testing the ladder. Neither of those firefighters was disciplined.

28. Cuddihy was not disciplined even though he had witnessed the damage to the shroud, had not told Plaintiff, had not halted testing as required, and had not reported the damage to the on-duty supervisor as required.

29. Though Cuddihy was not disciplined in any manner, Brawley and Weatherman seized on the incident to terminate Cole and remove him from the commission/board as an opponent to the purchase of a new truck.

30. A few hours before the vote would take place on whether to buy a new ladder truck, Weatherman called Cole into a meeting about the shroud incident and fired him. He also told Cole, without authority under the bylaws, that he was being removed from the Board.

31. The bylaws of the commission/board did not require his removal upon termination; in fact, non-employees sit on the commission/board. Weatherman and Brawley simply fired Plaintiff and used the termination to remove him from the commission/board to prevent any opposition to their desire to get this new, very expensive and completely unnecessary truck.

32. The termination decision was final. There was no appeal process or any way for Plaintiff to challenge this action of Weatherman and Brawley.

## FIRST CLAIM FOR RELIEF
**(42 USC § 1983)**

33. All prior paragraphs are incorporated by reference.

34. The actions of Defendants in terminating Plaintiff because of his opposition to the purchase of the fire truck were taken under color of state law and violated the First Amendment.

35. Plaintiff was speaking as a member of the district commission about a matter of public concern, the stewardship of public funds, in opposing the purchase of the new fire truck as unnecessary and wasteful.

36. Defendants fired Plaintiff because of his statements opposing their plan to purchase the new truck.

37. He was not fired because of the damage to the shroud of the existing ladder truck during testing. That was a false reason or pretext for his termination.

38. The protections of the First Amendment apply to state and local governmental agencies, like Fire Protections Districts, pursuant to the Fourteenth Amendment. And the violation of federally protected rights is actionable under 42 USC § 1983.

39. Defendants Weatherman and Brawley are sued in their individual capacities under 42 USC § 1983 for violating Plaintiff's First Amendment rights in terminating him over his opposition to the purchase of the new fire truck.

40. Defendants Weatherman and Brawley are sued in their official capacities under 42 USC § 1983, as the final policymakers for the LKNVFD. Their decision to fire Plaintiff was a policy decision of the LKNVFD that violated Plaintiff's First Amendment rights.

41. The doctrine of qualified immunity does not apply to an official capacity claim against Weatherman and Brawley, as it is a claim against the municipal corporation, LKNVFD.

42. Plaintiff seeks reinstatement, lost wages, and compensatory damages.

43. Plaintiff also seeks punitive damages against Weatherman and Brawley individually to extent allowed under Chapter 1D, as they acted with malice and with willful and wanton disregard of Plaintiff's First Amendment rights.

44. Plaintiff also seeks costs, including attorneys' fees, under 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF
### (Wrongful Discharge by LKNVFD)

45. All prior paragraphs are incorporated by reference.

46. The LKNVFD terminated Plaintiff because of questions he raised as a member of the fire protection district commission or board that the purchase of the truck was a waste of the tax dollars.

47. The opinion Plaintiff expressed about the use of public funds was speech protected by Article I, §14 of the North Carolina Constitution.

48. Article I, §14 of the North Carolina Constitution is the express public policy of the people of this state and has been since the formation of the state.

49. Terminating Plaintiff as an employee because of his stated opposition to the purchase of the new ladder truck as a waste of tax money, and then using his termination to remove him from the commission or board just before the vote to purchase the truck, violated this express public policy of the state and thus was wrongful and unlawful and actionable.

50. The damage to the shroud of the existing ladder truck was a false reason or pretext for his termination.

51. Plaintiff seeks and is entitled to reinstatement, lost wages, and compensatory damages for being terminated in violation of the public policy of this state. Plaintiff also seeks statutory costs.

52. On information and belief, LKNVFD has waived any governmental immunity that may apply to this wrongful discharge claim by purchasing insurance that covers the claim.

53. To the extent it proves affirmatively that it has not waived immunity, Plaintiff brings his Third Claim against Weatherman and Brawley under the state constitution.

## THIRD CLAIM FOR RELIEF
### (Art. I § 14 of the State Constitution)

54. Plaintiff incorporates all prior paragraphs by reference.

55. To the extent LKNVFD proves it is immune from suit for wrongful discharge, Plaintiff brings this claim directly under the state constitution against Defendants Weatherman and Brawley in their official capacities. As the state Supreme Court has stated:

> [I]n determining the rights of citizens under the Declaration of Rights of our Constitution, it is the judiciary's responsibility to guard and protect those rights. The doctrine of sovereign immunity cannot stand as a barrier to North Carolina citizens who seek to remedy violations of their rights guaranteed by the Declaration of Rights. It would indeed be a fanciful gesture to say on the one hand that citizens have constitutional individual civil rights that are protected from encroachment actions by the State, while on the other hand saying that individuals whose constitutional rights have been violated by the State cannot sue because of the doctrine of sovereign immunity. *Corum v. Univ. of N. Carolina Through Bd. of Governors*, 330 N.C. 761, 785–86, 413 S.E.2d 276, 291 (1992)

56. The actions of Defendants Weatherman and Brawley in terminating Plaintiff because of his opposition to the purchase of the fire truck violated Article I, § 14 of the North Carolina Constitution, which guarantees freedom of speech.

57. Plaintiff was speaking about a matter of public concern, the stewardship of public tax funds, in opposing the purchase of the new fire truck as unnecessary and wasteful.

58. Defendants fired Plaintiff because of his protected speech on a matter of public concern.

59. Article I, § 14 is part of the Declaration of Rights in the North Carolina Constitution. A citizen can bring an action directly under a provision of the Declaration of Rights where there is no adequate remedy under state law to address the violation. Here, if LKNVFD asserts governmental or sovereign immunity, Plaintiff has no other adequate remedy under state law.

60. Defendants Weatherman and Brawley are sued in their official capacities under Article I, § 14. They were acting under their authority under state law as Chief and Deputy Chief of a Fire Protection District.

61. The damage to the shroud of the existing ladder truck was a false reason or pretext for his termination.

62. Plaintiff seeks reinstatement, lost wages, and compensatory damages for being terminated because of his opposition to the purchase of the new truck. Plaintiff also seeks statutory costs.

# JURY DEMAND

63. Plaintiff demands that the issues in this case be tried before a jury of his peers.

# PRAYER FOR RELIEF

64. Upon the trial of this action, Plaintiff prays that the Court enter judgment against the Defendants, jointly and severally, and Order Plaintiff the following relief:

   a. Reinstatement with full back pay and benefits;

   b. Actual, compensatory, and punitive damages;

   c. The Costs of this action, including reasonable attorney's fees under 42 USC § 1988; and,

   d. Any other relief the court deems just and necessary.

Respectfully submitted this 13th day of June, 2019.

*/s/ S. Luke Largess*
S. Luke Largess (N.C. Bar #17486)
Cheyenne N. Chambers (N.C. Bar # 48699)
TIN, FULTON, WALKER & OWEN, PLLC
301 East Park Avenue
Charlotte, NC  28203
Tel.:    704-338-1220
Fax:    704-338-1312
llargess@tinfulton.com
cchambers@tinfulton.com

Attorneys for the Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Stipulation was served upon all counsel of record by filing in the ECF system.

This is the 11th day of June, 2019.

*/s/ S. Luke Largess*
S. Luke Largess