## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:19-CV-00047-KDB-DCK

| | |
|---|---|
| **MICHAEL COLE,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **ANDREW WEATHERMAN and DAVID NEEL BRAWLEY, in their individual and official capacities, and LAKE NORMAN VOLUNTEER FIRE AND RESCUE DEPARTMENT,** | |
| **Defendants.** | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss. (Doc. No. 14). Plaintiff, who is a former employee at the Lake Norman Volunteer Fire and Rescue Department ("LKNVFD"), alleges in this action that he was fired from LKNVFD in retaliation for exercising his free speech rights as an elected member of a public board that oversees the fire protection district. In response, Defendants move to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Having carefully reviewed the motion, the parties' related briefs, the Amended Complaint, and all other relevant portions of the record, the Court finds that Plaintiff has sufficiently stated his claims under the applicable standard of review. Therefore, the Court will deny Defendants' motion, except as to Plaintiff's claims under 42 U.S.C. § 1983 against Defendants Weatherman and Brawley in their official capacity, which Plaintiff has voluntarily agreed to dismiss.

1

## I.    RELEVANT BACKGROUND & PROCEDURAL HISTORY

For purposes of this motion, the Court accepts as true all well-pled facts and draws all reasonable inferences in Plaintiff's favor. Plaintiff first volunteered as a fireman for LKNVFD, which serves the tax-supported "fire protection district" in southern Iredell County, about six years before his termination. (Doc. No. 13: Amended Complaint, at ¶ 10). Under state law, LKNVFD is treated as a municipal corporation. *Id.* at ¶ 2. Plaintiff later became one of 20 paid firefighters for LKNVFD and held that position for three and a half years before he was terminated. *Id.* at ¶ 10. Though classified as part-time, Plaintiff worked enough hours to earn a significant income and regularly earned overtime pay. *Id.*

LKNVFD is funded by a property tax levied on unincorporated properties in Iredell County. *Id.* at ¶ 2. The taxes appropriated annually to LKNVFD are administered by a fire protection district board ("the Board") pursuant to North Carolina General Statute Section 69-25.4(c). *Id.* at ¶ 3, 11. Plaintiff became a member of the Board of the fire protection district, first by completing the unexpired term of a vacant seat, and then by election to the full three-year term on the Board. *Id.* at ¶ 12. Board membership is not limited to LKNVFD firefighters, but also includes residents of the community. *Id.*

Several months before Plaintiff was fired as an employee, the ladder on the LKNVFD's ladder truck failed to retract properly while a fire marshal was using the ladder's bucket to inspect a fire scene. *Id.* at ¶ 14. Though the ladder was repaired, Defendant David Brawley, LKNVFD's Operations Deputy Chief, sought to purchase a brand-new ladder truck and formed a subcommittee of the Board to consider various options regarding the ladder truck. *Id.* at ¶¶ 14-15. Plaintiff, as an elected member of the Board, was named to the subcommittee. *Id.* at ¶ 13.

Plaintiff openly opposed the purchase of a new ladder truck because he was concerned that the significant cost of about $1 million in tax dollars was unnecessary and wasteful. *Id.* at ¶¶ 14-17. He voiced his opposition to this significant tax expenditure both at a Board meeting and during an informal discussion among a group gathered at the LKNVFD station that included Brawley. *Id.* at ¶¶ 17-18. Hours before the scheduled Board meeting at which the vote on the truck purchase was to take place, Defendant Andrew Weatherman, Chief of LKNVFD, terminated Plaintiff, claiming he had damaged the air conditioning shroud on the existing ladder truck during a routine test that occurred months earlier. *Id.* at ¶¶ 21, 30. Weatherman also informed Plaintiff that he no longer had a seat on the board due to his termination, even though the bylaws of the board did not require Plaintiff's removal. *Id.* at ¶¶ 19-20, 30-31. LKNVFD then purchased the new truck. *Id.* at ¶ 20.

Plaintiff alleges that his "opposition as a board member to the proposal to purchase a new ladder truck led to his termination as an employee and his removal from the commission/board." *Id.* at ¶ 13. He claims that the reason Brawley and Weatherman gave for his termination was "complete pretext," because the other employee who also was using the ladder truck when the shroud was damaged was not disciplined. *Id.* at ¶¶ 21, 28. Plaintiff further asserts that there were similar instances with the ladder damaging the shroud in prior years, yet the employees involved in those situations were never disciplined. *Id.* at ¶ 27. Plaintiff states that his termination was final and there was no appeal process or any other avenue for him to challenge the actions of Weatherman and Brawley. *Id.* at ¶ 32.

Plaintiff initially filed this action on April 23, 2019. (Doc. No. 1). Plaintiff filed the Amended Complaint as a matter of course on June 13, 2019, alleging three causes of action: (1) a First Amendment claim pursuant to 42 U.S.C. § 1983; (2) a wrongful discharge claim under North Carolina law; and, in the alternative, (3) a claim directly under Article I, Section 14 of the North

Carolina Constitution. (Doc. No. 13). On June 27, 2019, Defendants moved to dismiss Plaintiff's Amended Complaint. (Doc. No. 14). The parties have completed briefing and the matter is now ripe for review.

## II.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2006); *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of Appeals of Maryland,* 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## III.    DISCUSSION

Defendants seek to dismiss all of Plaintiff's claims under 42 U.S.C. § 1983, North Carolina common law, and the North Carolina Constitution. For the reasons discussed below, the Court finds that Plaintiff has adequately pled his claims.

**A. Plaintiff's 42 U.S.C. § 1983 Claim**

Plaintiff alleges that he was terminated from his position at LKNVFD "because of his opposition to the purchase of the fire truck." (Doc. No. 13, at ¶ 34). He contends that his termination was in retaliation for exercising his protected speech rights and this constitutes a violation of the First Amendment, which is actionable under 42 U.S.C. § 1983. *Id.* at ¶¶ 34, 38.

"To state a claim under the First Amendment for retaliatory discharge, a plaintiff must satisfy the three-prong test set forth in *McVey v. Stacy*, 157 F.3d 271 (4th Cir. 1998)." *Grutzmacher v. Howard Cnty.*, 851 F.3d 332, 342 (4th Cir. 2017). "In particular, the plaintiff must show: (1) that he was a 'public employee . . . speaking as a citizen upon a matter of public concern [rather than] as an employee about a matter of personal interest;' (2) that his 'interest in speaking upon the matter of public concern outweighed the government's interest in providing effective and efficient services to the public;' and (3) that his 'speech was a substantial factor in the employer's termination decision.'" *Id.* (quoting *McVey*, 157 F.3d at 277-78).

Defendants contend that Plaintiff's free speech claim fails because he was speaking as an employee on an internal LKNVFD matter. The Court disagrees. Plaintiff's Amended Complaint alleges that he was a member of "the statutorily authorized commission of the fire protection district, which administered the taxes levied for and appropriated to it by the County." (Doc. No. 13, at ¶ 11). This Board is comprised of employees and volunteers of the LKNVFD as well as members of the community at large. *Id.* Even though Plaintiff was an employee of LKNVFD, Plaintiff alleges that his statements opposing the purchase of the new truck were made as a citizen duly elected to the board and not as a firefighter exercising his job duties as an employee of LKNVFD. His comments on the wasteful expenditure of public money appropriated from a special tax levy on property in the fire protection district are adequately alleged to be a public matter, not

purely an internal employment issue. *See Pickering v. Bd. of Educ.*, 391 U.S. 563, (1968) (holding that a teacher's concerns about a school board's use of tax dollars was a matter of public concern); *Urofsky v. Gilmore*, 216 F.3d 401, 406-07 (4th Cir. 2000) (en banc) (noting speech upon matters of "social, political, or other interest to a community" is protected under the First Amendment).

Defendants also move to dismiss Plaintiff's section 1983 claim against LKNVFD on the grounds that Plaintiff fails to allege he was terminated as the result of a municipal policy, custom, or the deliberate indifference to his rights under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original). "Only in cases where the municipality causes the deprivation 'through an official policy or custom' will liability attach." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)). "Because section 1983 was not designed to impose municipal liability under the doctrine of respondeat superior, the 'official policy' requirement was 'intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby to make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Riddick v. Sch. Bd. of the City of Portsmouth*, 238 F.3d 518, 523 (4th Cir. 2000) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). A municipal policy or custom that may serve as the basis for section 1983 liability under *Monell* may arise in four ways: (1) through express policy; (2) through the decisions of a person with final policymaking authority; (3) through omission, such as a failure to properly train employees that manifests in deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law. *Lytle*, 326 F.3d at 471.

Here, Plaintiff alleges that Weatherman and Brawley are final policymakers for LKNVFD and their decision to fire Plaintiff was a policy decision of LKNVFD that violated Plaintiff's First Amendment rights.[1] "To qualify as a final policymaking official, a municipal official must have the responsibility and authority to implement *final* municipal policy with respect to a particular cause of action." *Riddick*, 238 F.3d at 523 (internal citation omitted). Even "a single decision by a policymaker can result in [municipal] liability." *Pembaur*, 475 U.S. at 481. "While 'finality' is a necessary attribute of 'policymaking authority,' the possession of 'final authority' does not alone constitute a municipal official a 'policymaker.'" *Spell v. McDaniel*, 824 F.2d 1380, 1386 (4th Cir. 1987). "In order to determine which officials possess final policymaking authority for the allegedly unconstitutional action in question, [the Court] must look to the relevant legal materials, including state and local positive law, as well as custom or usage having the force of law." *Riddick*, 238 F.3d at 523 (internal quotation omitted).

Plaintiff alleges that his termination was "final" and that there "was no appeal process or any way for Plaintiff to challenge this action of Weatherman and Brawley." (Doc. No. 13, at ¶ 32). Weatherman is the Chief of the LKNVFD and Brawley is the Operations Deputy Chief. *Id.* at ¶¶ 6-7. While Plaintiff cannot point to a specific state or local law establishing that the Chief and Operations Deputy Chief have final policymaking authority in personnel matters, Plaintiff's factual allegations suggest that such final policymaking authority does, in fact, reside in these persons. Notably, Defendants do not point to any statute, custom, or usage which disputes that Weatherman and Brawley possess final policymaking authority over personnel decisions.

---

[1] Defendants move to dismiss Plaintiff's official capacity claims under section 1983 against Weatherman and Brawley as duplicative of the claims against LKNVFD. Plaintiff does not object to such dismissal, but limits his waiver to the section 1983 claim only. (Doc. No. 23, at 9 n.1). Therefore, upon Plaintiff's consent, the Court will dismiss the section 1983 claims against Weatherman and Brawley in their official capacities.

Instead, Defendants argue that Plaintiff must point to multiple actions, rather than a single action, to establish a custom or policy. However, multiple actions are not required when municipal liability is alleged due to the decision of a policymaking official. At this motion to dismiss stage, the Court finds that Plaintiff has met his initial burden of plausibly pleading a section 1983 claim against LKNVFD sufficient to survive a motion to dismiss.

Defendants' final challenge to Plaintiff's section 1983 claim is that Weatherman and Brawley are entitled to qualified immunity in their individual capacities. Qualified immunity protects government actors "who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful." *Liverman v. City of Petersburg*, 844 F.3d 400, 411 (4th Cir. 2016). For qualified immunity to apply, a government official must show "either that no constitutional violation occurred or that the right violated was not clearly established at the time it was violated." *Hunter v. Town of Mocksville*, 789 F.3d 389, 397 (4th Cir. 2015).

Defendants assert that there is no clearly established case law "which establishes that Plaintiff's conduct in voicing his opposition to the purchase of a fire truck as a board member of the volunteer fire department was a protected activity and of public concern under the First Amendment or that the individual Defendants' termination of Plaintiff from LKNVFD for engaging in such conduct, would violate any clearly established right." (Doc. No. 15, at 16-17). Defendants claim that because there is no case clearly prohibiting their actions in this specific fact pattern, the law is not clearly established. However, a case "directly on point" is not required for the law to be clearly established. *Martin v. Duffy*, 585 F.3d 239, 251 (4th Cir. 2017). Rather, the law is clearly established when existing precedent places the statutory or constitutional question beyond debate. *Id.* Plaintiff alleges that he was fired in retaliation for exercising his right to free speech. At the

motion to dismiss stage, the Court must accept that allegation as true. Under Supreme Court precedent dating back to 1968, public employees cannot be terminated for speaking on matters of public concern, without some showing that the disruption caused at work by the speech outweighed the First Amendment right of the speaker. *Pickering*, 391 U.S. at 568, 573-74. Over the 50 years since *Pickering*, the Supreme Court and the Fourth Circuit have consistently reinforced this right. *See, e.g.*, *Lane v. Franks*, 573 U.S. 228 (2014); *Garcetti v. Ceballos*, 547 U.S. 410 (2006); *Connick v. Myers*, 391 U.S. 563 (1968); *Grutzmacher,* 851 F.3d 332; *McVey*, 157 F.3d 271. Accordingly, the Court finds that Plaintiff has plausibly alleged a section 1983 claim against Weatherman and Brawley in their individual capacities.

### B. Plaintiff's State Law Claims

Plaintiff brings two claims under North Carolina law in addition to his section 1983 claim. The first is a claim for wrongful discharge against LKNVFD. The second is a free speech claim under Article I, Section 14 of the North Carolina Constitution against Weatherman and Brawley in their official capacities. Plaintiff's state constitutional claim is brought in the alternative—if LKNVFD proves that it is entitled to governmental or sovereign immunity for the wrongful discharge claim, Plaintiff claims he will have "no other adequate remedy under state law" and will proceed directly under the state constitutional claim.

Defendants seek dismissal of Plaintiff's free speech claim under the state constitution on the same grounds it seeks dismissal of Plaintiff's section 1983 claim. (Doc. No. 15, at 5-9). Because Plaintiff's wrongful discharge claim is based on violation of the public policy expressed in Article I, Section 14 of the North Carolina Constitution, a failure to state a free speech claim under the state constitution would also result in dismissal of Plaintiff's wrongful discharge claim. However, the requirements for a free speech claim under the North Carolina Constitution are substantially

identical to those under the federal constitution. *Munn-Goins v. Bd. of Trustees of Bladen Cmty. Coll.*, 658 F. Supp. 2d 713, 730 (E.D.N.C. 2009), aff'd, 393 F. App'x 74 (4th Cir. 2010). North Carolina's Constitution provides the same, if not more, protection than the United States' Constitution. Therefore, Defendants' motion to dismiss Plaintiff's state law claims related to free speech meets the same fate, for the same reasons, as Defendants' motion to dismiss Plaintiff's section 1983 claim and will be denied.

Defendant also moves to dismiss Plaintiff's state constitutional claim on the grounds that there is an adequate state remedy. (Doc. No. 15, at 9-11). "[I]n the absence of an adequate state remedy, one whose state constitutional rights have been abridged has a direct claim against the State under [North Carolina's] Constitution." *Corum v. University of North Carolina*, 413 S.E.2d 276, 289, *cert. denied*, 506 U.S. 985 (1992). For example, when sovereign or governmental immunity defeats a plaintiff's common law or statutory claim, it is not an adequate remedy at state law and a plaintiff may then bring a claim directly under the state constitution. *Craig v. New Hanover Cnty. Bd. of Educ.*, 678 S.E.2d 351, 355 (N.C. 2009).

Plaintiff brings claims against Weatherman and Brawley in their official capacity under the North Carolina Constitution for monetary damages. *See Corum*, 413 S.E.2d at 292 (holding that North Carolina does not recognize direct causes of action for monetary damages under the North Carolina Constitution against persons sued only in their individual capacities who have allegedly violated a plaintiff's constitutional right to free speech). Plaintiff makes clear in his Amended Complaint that this claim is pled in the alternative. (Doc. No. 13, at ¶ 4) ("To the extent LKNVFD establishe[s] that it has not waived governmental immunity from the wrongful discharge claim, Plaintiff brings claims against Defendants Weatherman and Brawley in their official capacities directly under Article I, § 14 of the state constitution."); *see also* (Doc. No. 13, at ¶¶ 55, 59).

Defendants' Answer to the Amended Complaint lists as its third defense "all applicable immunities," including governmental and sovereign immunity. (Doc. No. 16, at 2). Because it has yet to be determined if Plaintiff's claim for wrongful discharge will be barred by immunity and therefore permit a direct constitutional claim, Plaintiff has plausibly pled an alternative direct claim under the North Carolina Constitution. Accordingly, Defendants' motion to dismiss Plaintiff's direct constitutional claim is denied.

## IV. ORDER

**IT IS THEREFORE ORDERED** that:

1. Defendants' Motion to Dismiss, (Doc. No. 14), is **DENIED IN PART** and **GRANTED IN PART.** Upon Plaintiff's consent, the official capacity claims against Defendants Weatherman and Brawley under 42 U.S.C. § 1983 are dismissed. Plaintiff may proceed with all remaining claims asserted in his Amended Complaint; and

2. This case shall **proceed to discovery and further proceedings on the merits of the remaining claims** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED.**

Signed: March 2, 2020

Kenneth D. Bell
United States District Judge